```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/31/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVGENI KOSOGLIAD,                          :

                Plaintiff,         :    13cv07167 (GBD) (DF)

   -against-                                  :    **REPORT AND**
                                                                   **RECOMMENDATION**
C.O. BAKARE, et al.,                       :

                Defendants.        :
------------------------------------------------------------X

**TO THE HONORABLE GEORGE B. DANIELS, United States District Judge:**

On December 5, 2014, this Court issued an Order (Dkt. 34), directing *pro se* plaintiff Evgeni Kosogliad ("Plaintiff") to show cause why his Section 1983 case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. In that Order, a copy of which is attached hereto, this Court cautioned Plaintiff that, if he failed to respond to the Court's Order by December 19, 2014, this Court would recommend dismissal of the action without prejudice.[1] The Court did not receive any written submission or other communication from Plaintiff by that date. Rather, on December 29, 2014, the copy of the December 5th Order To Show Cause that the Court had mailed to Plaintiff, at the last address he had provided to the Court (*see* Dkt. 30), was returned as undeliverable.

At this point, for the reasons set forth in this Court's Order To Show Cause, and as it appears that this Court no longer has any means of contacting Plaintiff and thus no viable way to supervise this action, I respectfully recommend that Plaintiff's Complaint be dismissed under Rule 41(b), and that the case, together with Defendants' pending motion to dismiss (*see* Dkt. 18),

---

[1] This Court's December 5 Order mistakenly indicated that this case was pending before the Honorable Andrew L. Carter, U.S.D.J., rather than Judge Daniels, but this error was immaterial to the substance of the Order.

be closed on the Docket of the Court. I further recommend, however, that the dismissal be without prejudice. Such a dismissal would allow for the possibility that Plaintiff had good cause for failing to prosecute his case at this time, and would preserve Plaintiff's right to have his claims reviewed at a later time, on a full presentation of the merits, rather than on an unopposed motion to dismiss.[2] The more draconian sanction of dismissal *with* prejudice would seem excessive here, given that Plaintiff is proceeding *pro se*, and that, as described in the Order To Show Cause, he had previously made at least some efforts to litigate this case.

\* \* \*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three additional days for service by mail). Such objections, and any responses to objections, shall be filed with the Honorable George B. Daniels, United States Courthouse, 500 Pearl Street, Room 1310, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. <u>As Petitioner is proceeding in this action *pro se*, any submissions he makes to the Court (including any objections to this Report and Recommendation for filing, any courtesy copies for judges' chambers, and any requests for extensions of time) should be delivered by him to the Court's *Pro Se* Office</u>.

---

[2] The Court notes that the incident that forms the basis for Plaintiff's Section 1983 claim allegedly occurred in September 2013 (*see* Dkt. 2), and that time therefore remains within the three-year statute-of-limitations period, should Plaintiff wish to reassert his claim in the future.

2

FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
December 31, 2014

SO ORDERED

*/s/ Debra Freeman*
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Mr. Evgeni Kosgliad
2421 East 12th Street, 1st floor
Brooklyn, NY 11235

Defendants' counsel (via ECF)